IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ARLENE ROBERTS,     :
             :
    Plaintiff,     :
             :
v.            :   CASE NO. 3:16-CV-33-MSH
             :    Social Security Appeal
CAROLYN W. COLVIN,    :
Acting Commissioner of    :
Social Security,     :
             :
    Defendant.    :
_____

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits finding that she was not disabled within the meaning of the Social Security Act and Regulations.  Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).  All administrative remedies have been exhausted.  Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).
[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to

seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered

---

October 1, 1981.

separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.     **Whether the ALJ gave adequate weight to Plaintiff's treating doctors' opinions and properly formed a RFC therefrom.**

II.    **Whether the ALJ properly evaluated Plaintiff's testimony.**

## <u>Administrative Proceedings</u>

On August 5, 2010 Plaintiff Arlene Roberts filed an application for disability insurance benefits alleging that she became disabled to work on October 25, 2009. Tr. 243. After her claim was administratively denied at both the initial and reconsideration levels, she made a written request for an evidentiary hearing before an administrative law judge (ALJ). The hearing was conducted on December 12, 2012. Tr. 75, 76, 27-37. The ALJ issued an unfavorable decision dated February 1, 2013 finding her to be not disabled. Tr. 77-91. The Appeals Council (AC) granted Plaintiff's request for review and remanded the case to the ALJ for further evaluation of additional evidence and to obtain expert testimony from a vocational expert (VE). Tr. 93-94. On December 2, 2014, the ALJ held a second evidentiary hearing. He entered another unfavorable decision on January 7, 2015, denying Plaintiff's claim for benefits. Tr. 9-26. Plaintiff once again sought review by the AC of the second denial, but the AC denied the request on March 8, 2016. Tr. 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff now brings this action seeking judicial review

of the final decision by the Commissioner to deny her application for disability insurance benefits.  Her case is ripe for review.

## Statement of Facts and Evidence

When the ALJ rendered his second opinion, Plaintiff was fifty years old. She completed three years of college and has past relevant work as a corrections officer. She asserted disability due to post-traumatic stress disorder (PTSD), depression, memory loss and excessive weight.  Tr. 20, 75, 276-280.  In conducting the five-step sequential evaluation process for determining disability, the ALJ found that Plaintiff has severe impairments of major depressive disorder, PTSD, osteoarthritis and obesity but also found that these impairments, considered alone or in combination, neither meet nor medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Findings 3-4, Tr. 14-15.  Between steps three and four of the sequential evaluation process, the ALJ formulated a residual functional capacity assessment (RFC) which considered all of Plaintiff's impairments. 20 C.F.R.§§ 404.1520(e), 1545; SSR 96-8p. The ALJ established that Plaintiff can perform medium work as set out in 20 C.F.R. § 404.1567(c) but added a restriction to unskilled work with no customer service requirement.  Finding 5, Tr. 16-18).  Because her previous relevant work as a corrections officer was medium exertion but semi-skilled in complexity, the RFC formulated by the ALJ precluded her return to her prior occupation.  Finding 6, Tr. 18.  The ALJ proceeded to step-five in the sequential analysis and elicited testimony from a VE that established other work available to her in the national economy which she can do within her

restricted RFC.  Finding 10, Tr. 19-20.  Because there is work available to her, the ALJ

found her to be not disabled.  Finding 11, Tr.20.

## DISCUSSION

Plaintiff contends here that the ALJ failed to give adequate weight to the opinions

of her treating doctors and formulated an RFC assessment that is not based on substantial

evidence.  She also asserts that the ALJ failed to evaluate her testimony.  Pl.'s Br. 1, 2.

The Commissioner responds that the ALJ correctly discounted the opinions of her doctors

with good cause and evaluated her testimony properly.  Comm'r Br. 3, 12.

I.     **Did the ALJ give adequate weight to Plaintiff's treating doctors' opinions and
       properly form a RFC therefrom?**

Two medical doctors treated Plaintiff for what she contends are disabling

impairments. David Jarrett, M.D., a psychiatrist, began treating Plaintiff in March of

2011.  He completed mental impairment questionnaires on August 9, 2011 and May 7,

2013.  Tr. 576-582, 646-647.  In those questionnaires Dr. Jarrett described symptoms of

PTSD, poor memory, difficulty thinking or concentrating, and social withdrawal, among

others.  Tr. 582, 646.  His conclusions about how Plaintiff's mental impairments might

affect her ability to work are, however, inconsistent with his clinical notations finding her

to be well-oriented, with normal speech, average intellectual functioning, logical and

relevant thought processes and content, as well as sound judgment and insight.  Tr. 447-

448.  A treating physician's opinions are entitled to great weight unless good cause is

given to discount them.  *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997).  Good

cause exists whenever an ALJ properly determines that the doctor's opinions are

inconsistent with his own medical records.  The ALJ found that a significant portion of Dr. Jarrett's notes supported a conclusion that Plaintiff has normal mental functioning and that the contradictions between the doctor's opinions and his objective findings merited discounting those opinions.  Tr. 18.  This is not error.  *Weaver v. Comm'r of Soc. Sec.,* 567 F. App'x 864 (11th Cir. 2014).  It is the function of the ALJ to weigh the evidence and the Court is not permitted to substitute its own judgment in place of the judgment of the Commissioner. *Foote v. Chater,* 67 F.3d 1553, 1560 (11th Cir. 1995).

Plaintiff was also treated by Dr. Ashok Kancharla for insomnia, depression and anxiety.  Ex. 9F.  In an October 2012 medical source statement he found Plaintiff to have mental limitations that would preclude her from work.  Ex. 26F.  Dr. Kancharla, an internal medicine doctor, saw Plaintiff on multiple occasions and noted on almost all that she was alert and well-oriented with subjective complaints of depression and anxiety.  He did not conduct any mental status examinations or other such objective testing to support his conclusions.  The ALJ was authorized to discount Dr. Kancharla's conclusions about Plaintiff's ability to work because those conclusions rest on subjective complaints by Plaintiff and are unsupported by objective medical evidence.  *Freeman v. Barnhart,* 220 F. App'x  957 (11th Cir. 2007).  This is especially true where the ALJ properly discounts a claimant's credibility regarding subjective complaints.  *Id.* at 960.  An ALJ may decide to afford greater weight to the opinion of a physician whose records and opinions are supported by objective testing to establish the veracity of a claimant's subjective complaints.  *Vuxta v. Comm'r of Soc. Sec.,* 194 F. App'x 874, 877 (11th Cir. 2006).

Because the conclusions reached by Dr. Kancharla are not verified or supported by such testing, the decision to discount those conclusions is not error.

## II.    Did the ALJ properly evaluate Plaintiff's testimony?

The ALJ found that Plaintiff's statements about the severity of her symptoms were not entirely credible.  Tr. 15-18.  Plaintiff contends that he erred in doing so. In his written decision, the ALJ accurately set forth the requirements for evaluating subjective complaints as set forth in 20 C.F.R. § 1529, SSR 96-4p and 96-7p.  He also correctly stated the kinds of evidence which must be considered in addition to objective medical evidence contained in 20 C.F.R. § 404.1529(c).  Tr. 15, 16.  The ALJ then considered the complaints made by Plaintiff to each medical source in the case and compared the complaints with the conclusions the source drew or their clinical observations.  He determined that the findings of the consultative examining psychologist, Marie Williams, PhD., were entitled to significant weight because they were based on observation, a clinical interview, and examination and were supported by Plaintiff's own account of her activities of daily living.  Tr. 17-18.  Dr. Williams found Plaintiff to have the ability to carry out both simple and complex instructions, maintain attention and tolerate normal work stress.  Tr. 424-425.  These findings are consistent with the clinical observations of Dr. Jarrett that Plaintiff was well-oriented, with average intellectual functioning and logical, relevant thought processes and content.  Tr. 447-448.  Because the decision of the ALJ is well-supported by substantial evidence in the record as a whole, the final decision by the Commissioner of Social Security to deny Plaintiff's application for disability

insurance benefits must be affirmed.  *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158 (11th Cir. 2004).

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 24th day of January, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE